GEORGEANA K. ROUSSOS
BAR NO. 152144
PO Box 86
San Anselmo, CA 94979
Tel. No. 415 252-1922
Fax 833-884-8476
Attorney for Plaintiff

ERIN HIGHLAND, ASSISTANT REGIONAL COUNSEL
Attorney | Program Litigation 1
Law & Policy | Social Security Administration
Phone: (206) 615-2495
erin.highland@ssa.gov
Attorney for Defendant Commissioner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KP, BNC 21FP542J03741,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER of SOCIAL SECURITY,<br><br>Defendant. | Case No. 4:25-CV-10324 HSG<br><br>STIPULATION FOR EAJA ATTORNEY FEES and COSTS; Order |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded NINE THOUSAND DOLLARS ($9,000.00) in Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action.

After the Court issues an order for EAJA fees and Costs to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-53 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

If the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made and delivered directly to GEORGEANA ROUSSOS, Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. (Attached)

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action. This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

ATTACHED is an assignment signed by PLAINTIFF JOLENE COX naming Attorney GEORGEANA ROUSSOS as the assignee for payment.

By:*/s/ Georgeana K. Roussos* Date: September 24, 2026
Georgeana K. Roussos
Counsel for Plaintiff BNC 21FP542J03741

By:*/s/ Erin Highland*______** Date: September 25, 2026 **
Erin Highland ** as approved by email
Counsel for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that that Plaintiff be awarded Nine Thousand Dollars ($9,000.00) in Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Dated: 10/1/2026 By: Haywood S. Gilliam, Jr.
The Honorable Haywood S. Gilliam, Jr.
United States District Court Judge

**Social Security Act § 206, 42 U.S.C. § 406**
**Representation of Claimants before Commissioner of Social Security**

§ 406 Representation of claimants before Commissioner of Social Security

* * * *

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(B) For purposes of this paragraph--(i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.

**LIMITED POWER OF ATTORNEY**
**AUTHORIZATION TO ENDORSE GOVERNMENT CHECKS AND USE FUNDS FOR ATTORNEY'S FEES AND EXPENSES**

I authorize the Law Office of Georgeana Roussos, PO Box 86, San Anselmo, CA 94979, or, if applicable, its heirs, administrators, successors, or assigns (the Firm) to sign and endorse any Treasury check, or use any directly deposited funds which are awarded to me for attorney's fees and/or expenses by the Social Security Administration or a federal court under the Equal Access to Justice Act (EAJA).

Ms. Roussos has power of attorney for the purposes of endorsing and cashing any Treasury checks and withdrawing and using any directly deposited funds as described above. I understand that Ms. Roussos will use the funds from the checks or direct deposits for attorney's fees and costs. I authorize that use of my funds for this limited purpose.

Dated this 25th day of November, 2025.

CLIENT: ______________________

SSN: xxx-xx- 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